Meyer, J.
(concurring). I would affirm, but on the ground that the intervenors failed to establish any predicate under CPLR 5015 (subd [a], par 3) for vacatur of the judgment entered upon the settlement between the Union and the City.
As originally drafted, CPLR 5015 (subd [a], par 3) provided for vacatur of a judgment only on the ground of “fraud” (see Third Prelim Report of Advisory Comm on Practice and Procedure, NY Legis Doc., No. 17,1959, p 203). In a subsequent draft patterned on rule 60 (b) (3) of the Federal Rules of Civil Procedure, the text of the CPLR paragraph was revised to include “fraud, misrepresentation, or other misconduct” (see Oppenheimer v Westcott, 47 NY2d 595, 603; Fourth Prelim Report of Advisory Comm on Practice and Procedure, NY Legis Doc., No. 20, 1960, pp 214-215; 5 Weinstein-Kom-Miller, NY Civ Prac, par 5015.08). “Mis *199 representation” and “misconduct” were added to broaden the bases for granting relief to include situations in which it would be inequitable to permit a party to retain the benefits of a judgment where it is shown that the party had engaged in nonfraudulent but wrongful conduct in obtaining the judgment (see 5 Weinstein-Korn-Miller, op. cit., pars 5015.08, 5015.09; 7 Moore’s Fed Prac, par 60.24 [5]). Relief is thus authorized when it is established that the judgment sought to be vacated is infirm in consequence of fraud, misrepresentation or other misconduct practiced on the court in which the judgment was granted.
No proof was tendered in this case to establish the necessary prerequisite for relief under CPLR 5015 (subd [a], par 3). Evidence and argument were advanced to demonstrate that the Union was guilty of “misconduct” in consequence of an asserted violation of the duty of fair representation that it owed intervenors. Misconduct of this nature, if any there were, however, was misconduct as to interested parties, not misconduct practiced on the court which issued the Korn judgment. No other proof established fraud or other misconduct against the court. Accordingly, no predicate was shown for vacatur under CPLR 5015 (subd [a], par 3), and intervenors’ motion under that rule should have been denied on that ground.
Judges Jasen, Wachtler and Kaye concur with Judge Jones; Judge Meyer concurs in result in a separate opinion in which Chief Judge Cooke and Judge Simons concur.
Order affirmed, with costs.